# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHELLE GARCIA,

    Plaintiff,

    vs.                                    No. CIV 98-1037 LCS/RLP

AEROTHERM CORPORATION, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes on Defendant's Motion for Summary Judgment, filed on June 30, 1999. The Court, having considered the pleadings, the affidavits and memoranda submitted by the parties and the applicable law, finds that the Motion is well-taken in part and it will be granted in part.

Plaintiff Michelle Garcia "Garcia" was employed by defendant Aerotherm Corporation ("Aerotherm") from August 1, 1992 until February 26, 1998. In September, 1994, Defendant Woods and Aerotherm told Garcia that they had received information that Garcia had used drugs on company premises, and ordered her to take a drug test. The test was negative. In February,1995, Garcia sued Aerotherm over the drug test incident. The case was tried on February 24-26, 1998.

On February 26, 1998, Garcia was laid off from her employment with Aerotherm. Defendant Chuck Lorenzo testified in his deposition that Defendant Ben Scott, an employee of

1

DynCorp, who owns Aerotherm, knew of Garcia's lawsuit and had input into the decision to lay off Garcia. Defendant Scott stated in his deposition that he had no input into the decision to lay off Garcia. He did not state in his deposition whether he was aware of Garcia's lawsuit.

Garcia claims that Scott and Aerotherm conspired to lay off Garcia in retaliation for her filing the lawsuit against Aerotherm. Defendants have moved for summary judgment, raising three defenses: First, as to Garcia's 42 U.S.C. Sec. 1985 and 1986 claims, Defendants contend that there are no material issues of fact that Ben Scott was not part of any conspiracy to retaliate against Garcia. Because Ben Scott was not a conspirator, any conspiracy to retaliate against Garcia could only be among employees of Aerotherm. Because all of Aerotherm's employees were acting within the scope of their employment, Aerotherm is immune from suit for conspiracy under the intra-corporate conspiracy doctrine.

Second, as to Garcia's state-law wrongful discharge claim, Defendants contend terminating an employee for filing a lawsuit is not one of the recognized public policy exceptions to the right of employers to terminate employees at-will. Accordingly, Aerotherm cannot be liable for wrongful discharge.

Third, also as to Garcia's state-law wrongful discharge claim, the individual employee Defendants contend that they are immune from liability because the actions of which they are accused were done within the scope of their employment.

As to Defendant's first defense, the deposition testimony of Defendant Charles Lorenzo, pp. 32-33, suggests that Defendant Ben Scott did have input into the decision to terminate Garcia's employment, While Ben Scott's affidavit states that he had nothing to do with that decision. Accordingly, a genuine issue of material fact exists whether Scott was involved in the

2

decision to terminate Garcia. Because a genuine issue exists as to a whether a conspiracy took place between a corporation and a non-corporate employee[1], the intra-corporate conspiracy doctrine is inapplicable. Accordingly, Defendants' Motion for Summary Judgment on the 42 U.S.C. Sec. 1985 and 1986 claims will be denied.

As to Defendants' second defense, the Court must analyze New Mexico law, which states that an employer may not discharge at-will employees for performing acts which public policy has authorized or encouraged, or for refusing to do something which public policy would condemn. *Vigil v Arzola*, 699 P.2d 613, 620 (N.M. 1983). New Mexico Courts look to, *inter alia,* the common law as an indicator of a state's public policy. *Id.* Suing one's employer for libel is authorized by common law in New Mexico. *See, e.g., Zuniga v. Sears, Roebuck and Co.,* 671 P.2d 662 (Ct.App. N.M. 1983). Therefore, Aerotherm's laying off Garcia in retaliation for her suing Aerotherm for libel could constitute a discharge of an employee for performing an act which public policy authorizes. Accordingly, Defendants' Motion for Summary Judgment on this claim will be denied.

As to Defendants' third defense, Garcia concedes that the individual defendants acted within the scope of their employment and are thus immune from the state wrongful discharge claim. Thus, the individual Defendants' Motion for Summary Judgment on the state wrongful discharge claim will be granted.

---

[1] For purposes of this motion, Defendants have not disputed the existence of a conspiracy to lay off Garcia, choosing instead to limit their arguments to whether Scott was involved in the conspiracy.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (docket entry #30) is GRANTED as to Garcia's state-law wrongful discharge claims against Defendants Gloria Woods, David Diaz, Charles Lorenzo, Ben Scott and Henry Platt.

IT IS FURTHER ORDERED that the remainder of the Defendants' Motion for Summary Judgment is DENIED.

_____
Leslie C. Smith
United States Magistrate Judge